# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JA'UAN T. SWANSON (#9000117671)

VERSUS

JUDGE B. HIGGINBOTHAM, ET AL.

CIVIL ACTION

NO. 16-727-JWD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 12, 2017.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JA'UAN T. SWANSON (#9000117671)

VERSUS

JUDGE B. HIGGINBOTHAM, ET AL.

CIVIL ACTION

NO. 16-727-JWD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate incarcerated at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Judge B. Higginbotham, District Attorney Hillar Moore, and Assistant District Attorney Louise Hines complaining that his constitutional rights have been violated in connection with an ongoing state criminal court proceeding.[1] The plaintiff is seeking for Judge Higginbotham to be recused, and for his Motion to Co-Counsel to be addressed.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the

---

[1] The plaintiff also asserts that his counsel, Gaily Ray, is ineffective and is tampering with his mail; however, Attorney Ray has not been named as a defendant in this matter.

complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

      The plaintiff alleges the following in his Complaint, as amended: Judge Higginbotham was appointed to preside over his state criminal court proceeding after Judge Johnson was transferred to the civil bench. The plaintiff and Judge Higginbotham have had several disputes in open court, and Judge Higginbotham is unprofessional and causes disruptions in the courtroom. Judge Higginbotham has refused to set a bond for the plaintiff, and dismissed his motion pertaining to co-counsel as moot.

      Assistant District Attorney Hines is seeking to prosecute the plaintiff on the highest charges possible, and harasses the plaintiff, through his attorney, with a plea deal of 50 years. ADA Hines is also attempting to prosecute the plaintiff on charges that are time-barred, and discovery documents are being withheld. District Attorney Moore has threatened to send the plaintiff to Angola.

The plaintiff's Complaint fails to state a claim under § 1983 against the defendants named in this proceeding. Initially, the plaintiff's claim against Judge Higginbotham is clearly barred by the doctrine of absolute judicial immunity. While such immunity is a question of law to be determined upon the facts of each case, it is clear that this immunity extends to claims arising from acts performed in the defendant's judicial role. *Brewer v. Blackwell,* 692 F.2d 387, 396 (5th Cir. 1982). The immunity shields a judge unless he or she acts in the clear absence of all jurisdiction over the subject matter or in a non-judicial capacity. *See, e.g., Mireles v. Waco,* 502 U.S. 9, 11–12 (1991); *Brewer v. Blackwell, supra,* 692 F.2d at 396. *See also Ammons v. Baldwin,* 705 F.2d 1445, 1447 (5th Cir. 1983). Moreover, this immunity applies however erroneous the act and however evil the motive. *Johnson v. Kegans,* 870 F.2d 992, 995 (5th Cir. 1989). Applying this test here, it is clear that the alleged acts of Judge Higginbotham in presiding over the plaintiff's criminal case are within the scope of the defendant's judicial authority. Therefore, Judge Higginbotham is shielded from the plaintiff's claims by absolute judicial immunity and is entitled to dismissal herein.

Further, the plaintiff's claims asserted against DA Moore and ADA Hines are barred by the doctrine of absolute prosecutorial immunity. A district attorney is absolutely immune in a civil rights lawsuit for any action taken pursuant to his or her role as a prosecutor in preparing for the initiation of judicial proceedings or in presenting the State's case before the court. *See Kalina v. Fletcher,* 522 U.S. 118, 125–26 (1997); *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976); *Esteves v. Brock,* 106 F.3d 674, 677 (5th Cir. 1997). The courts employ a "functional" test to determine whether a prosecutor is entitled to absolute immunity, pursuant to which the courts look to the "nature of the function performed." *Buckley v. Fitzsimmons,* 509 U.S. 259, 269 (1993). A prosecutor's immunity applies to his or her actions in initiating prosecution, in

carrying the case through the judicial process, and to those actions that are "intimately associated with the judicial phase of the criminal process." *Esteves v. Brock, supra,* 106 F.3d at 677, *quoting Imbler v. Pachtman, supra,* 424 U.S. at 430–31. "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Labry v. Mamoulides,* 248 F.3d 1142, *1 (5th Cir. 2001), *quoting Kerr v. Lyford,* 171 F.3d 330, 337 (5th Cir. 1999). In the instant case, the plaintiff's claims asserted against DA Moore and ADA Hines are apparently based on the defendants' conduct as advocates for the State of Louisiana, and the defendants are therefore entitled to absolute prosecutorial immunity. *See Imbler v. Pachtman, supra; Cousin v. Small,* 325 F.3d 627, 631–32 (5th Cir. 2003). Accordingly, the plaintiff's claims asserted against Moore and Hines must be dismissed because he seeks recovery from defendants who are immune from such relief. *See Delaney v. Ackal,* 2009 WL 5195935, *3 (W.D. La. Oct. 10, 2009).

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that the plaintiff's action be dismissed, with prejudice, as legally frivolous, and for failure to state a claim upon which relief may be granted[2] pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Signed in Baton Rouge, Louisiana, on September 12, 2017.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."